1

2

3

4                               UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    THOMAS CLAY,                                Case No. 21-cv-08132-PJH

                    Plaintiff,
8
                                                 **ORDER REVOKING PLAINTIFF'S IN**
9          v.                                    **FORMA PAUPERIS STATUS**

10   DEPARTMENT OF TREASURY, et al.,

                    Defendants.
11

12

13         Plaintiff, a Texas state prisoner proceeding pro se, filed a civil action against a

14   governmental entity that was dismissed at screening.  Plaintiff filed an appeal with the

15   Ninth Circuit, which re-engaged this court for the limited purpose of determining whether

16   plaintiff's in forma pauperis status should continue, or whether the appeal is frivolous or

17   taken in bad faith.

18         An indigent party who cannot afford the expense of pursuing an appeal may file a

19   motion for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a); 28 U.S.C. §

20   1915(a)(1).  Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-

21   court action who desires to appeal in forma pauperis must file a motion in the district

22   court."  The party must attach an affidavit that (1) shows in detail "the party's inability to

23   pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3)

24   "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1).

25   But even if a party provides proof of indigence, "an appeal may not be taken in forma

26   pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §

27   1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "non-

28   frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d

2    614, 617 (9th Cir. 1990).

3         In this action, plaintiff sought court intervention in obtaining his economic impact

4    payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The

5    "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, 494 F.

6    Supp. 3d 661 (N.D. Cal. 2020).  Plaintiff was advised that he was not entitled to relief to

7    the extent he sought the court to compel the Internal Revenue Service ("IRS") to provide

8    his EIP.  The court in *Scholl* found that the EIP could not be denied only because an

9    individual was incarcerated.  However, the court was clear that it took no position on

10   whether individual incarcerated plaintiffs were owed the EIP, which is the relief sought in

11   this case.  That responsibility fell to the IRS to make an individual determination.  More

12   importantly, funds cannot now be distributed pursuant to the CARES Act.  The CARES

13   Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed.  That

14   deadline has passed, and no more funds may be issued.  Plaintiff's action has no

15   arguable basis in fact or law; therefore, plaintiff's in forma pauperis status is **REVOKED**.

16   The clerk is requested to forward this order to the Ninth Circuit in case No. 21-17115.

17        **IT IS SO ORDERED.**

18   Dated: January 5, 2022

19

20                                                    _/s/ Phyllis J. Hamilton_

21                                                    PHYLLIS J. HAMILTON
                                                      United States District Judge

22

23

24

25

26

27

28

2